UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COSMAX USA CORPORATION, and NU-
WORLD CORPORATION,

                              Plaintiff,

       v.

HAYDEN PRODUCTS LLC,

                              Defendant.

No.

COMPLAINT

JURY TRIAL DEMANDED

Plaintiffs Cosmax USA Corporation ("Cosmax USA") and Nu-World Corporation ("Nu-World" or, together with Cosmax USA, "Plaintiffs"), by its undersigned attorneys, Hoguet Newman Regal & Kenney, LLP, allege as follows:

## NATURE OF THE CLAIM

1.      This is an action to recover amounts owed with respect to Hard Candy cosmetic products manufactured and delivered by Plaintiffs to Defendant Hayden Products LLC ("Hayden") in the amount of $1,507,054.85; amounts owed for payments for discontinued products and fixtures (i.e. agreed-upon reimbursable expenses) and other previously provided goods in the agreed-upon amount of $467,780.44; and late fees, interest, and incurred legal fees and costs from Defendant Hayden.

## PARTIES

2.      Plaintiff Cosmax USA is a Delaware corporation with its principal place of business in Carteret, New Jersey.

3.      Plaintiff Nu-World Corporation is an affiliate of Cosmax USA, and a Delaware Corporation with its principal place of business in Cartaret, New Jersey.

4.       Defendant Hayden is a New York Limited Liability Company with its principal place of business in New York, New York.

## JURISDICTION AND VENUE

5.       Pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction over Plaintiffs' claims based upon the diversity of citizenship of the parties, since Plaintiffs are citizens of Delaware, with principal places of business in New Jersey; and Defendant is a New York Limited Liability Company, with its principal place of business in New York, and the amount in controversy for which Plaintiffs seek damages is at least $75,000 from Defendant.

6.       Personal jurisdiction and venue are predicated on 28 U.S.C. § 1391(b) because Defendant Hayden is a New York company and its principal place of business is New York, New York.

## FACTUAL ALLEGATIONS

7.       Cosmax USA is a United States-based on-demand manufacturer of cosmetics products with manufacturing facilities located in New Jersey.

8.       In 2017, Cosmax West Corporation, the parent entity of Cosmax USA acquired Nu-World, making Nu-World  an affiliate of Cosmax USA.

9.       Hard Candy is an iconic brand of cosmetics known for its bright colors and innovative formulations.  In 2009, following its sale to the Falic Fashion Group, it entered into a partnership with Wal-Mart to expand its sales.

10.       From 2009-2021, Nu-World manufactured and sold Hard Candy cosmetics worldwide pursuant to an exclusive licensing agreement between Nu-World and Hard Candy LLC.

11.     The license was for the Hard Candy trademark as used in connection with color cosmetic products for face and body, skin care products for face and body, fragrances, bath and body products, and hair care products (collectively, the "Licensed Products").

12.     In 2021 that licensing agreement ended and, on information and belief, Hard Candy entered into a similar relationship with Defendant Hayden with respect to the Licensed Products.

13.     Defendant Hayden is a distributor of cosmetics.  On information and belief, it does not own any manufacturing facilities and relies on third parties, such as Plaintiff Nu-World for manufacturing of the cosmetics it distributes.

14.     As part of the transition of the distribution of the Licensed Products to Hayden, Plaintiffs and Hayden began negotiations concerning excess inventory of discontinued products, reimbursement for fixtures that Plaintiffs had installed at Wal-Mart locations, packaging of certain of the Licensed Products that Plaintiffs had in their inventory, previously produced supplies of Hard Candy products, and new orders of Hard Candy products.

15.     Plaintiffs and Hayden also discussed leasing warehouse space to Hayden to store the Licensed Products following their production and transfer to Hayden.

16.     As part of these discussions, Plaintiffs and Hayden came to several agreements, memorialized through the issuance of a series of invoices.

17.     With respect to the discontinued products and fixtures, Hayden and Plaintiffs agreed that Hayden would pay Plaintiffs $467,780.44, a discount off the approximately $2 million worth of product and fixtures that this represented.  This agreement was memorialized by invoice numbers 91225526 and 91225527, both dated September 1, 2021, with payment due on September 1, 2022.  Hayden has not paid any of this amount to Plaintiffs.

18.     For the Licensed Products and packaging that Plaintiffs previously produced and transferred to Hayden for distribution, Hayden was invoiced in the amount $2,468,294.87.  Of this amount, Hayden paid to Plaintiffs $1,578,304.28, and Wal-Mart paid Plaintiffs $843,996.58, resulting in $45,994.01 in amounts outstanding to Plaintiffs for these goods.

19.     Further, Hayden placed numerous orders with Plaintiffs for additional products, which Plaintiffs produced and delivered.  These invoices were dated from June 26, 2021, through April 14, 2022, with 90-day payment terms.  These invoices amounted to $1,468,133.01, of which Hayden paid $11,541.66, leaving $1,456,591.35 owing to Plaintiffs.

20.     Finally, Plaintiffs invoiced Hayden for additional amounts related to reimbursable expenses and a pilot program, amounting to $4,469.49.  Hayden has not paid Plaintiffs any of these amounts.

21.     Hayden did not object in writing to any of the invoices referenced in paragraph 15-18 within ten (10) days of their issuance.

22.     In fact, Hayden's only objections to the amounts owing were general statements about the timing of deliveries, made months after the products were delivered and in response to Cosmax USA's demands for payment of the amounts owed.

23.     To date, Hayden continues to owe Cosmax USA in aggregate $1,974,835.29, plus interest, attorneys' fees and other related costs of not less than $90,000.

## CLAIMS

## FIRST CAUSE OF ACTION
**Account Stated**

24.     Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

25.     Beginning in or around May 2021, through April 2022, Plaintiffs issued invoices to Hayden reflecting the delivery and transfer of ownership of certain merchandise and related services.

26.     Hayden never timely objected to any of the invoices issued by Plaintiffs reflecting the delivery and transfer of ownership of certain merchandise and related services.

27.     Hayden accepted the delivery and transfer of ownership of certain merchandise and related services.

28.     The payment terms on the invoices that Plaintiffs issued to Hayden is 90-days, except for two invoices, which had a payment term of one year.

29.     While Hayden made partial payments on the amounts owed pursuant to Plaintiffs' invoices issued to Hayden, Hayden continues to owe $1,974,835.29 to Plaintiffs, all of which is past due.

30.     As a result of Defendant Hayden's failure to make payment on Plaintiffs' invoices, Plaintiffs have been damaged and is entitled to compensatory, direct damages, in an amount to be determined at trial, but in no event less than $1,974,835.29, plus costs, attorney's fees, and pre-judgment interest, to the extent available under applicable law.

## SECOND CAUSE OF ACTION
### Breach of Contract

31.     Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

32.     As a contract for the sale of goods as defined in Article 2 of the New York Commercial Code (the "U.C.C."), the agreement between the parties is governed by the provisions of the New York U.C.C., codified at N.Y. U.C.C. §§ 2-200 *et seq*.

33.     Each invoice that Plaintiffs issued to Hayden contained information about the names and address of the buyers and sellers, the date, payment terms, a description of the goods, quantities ordered, quantities shipped, unit price, and total amount of the invoice.

34.     The invoices all noted "Payment is due in accordance with the terms listed above. Any request for an adjustment on this invoice must be made via email within 10 days of receipt, or this invoice will be considered final and accepted by customer."

35.     Hayden did not object to or request an adjustment of any of the invoices within 10 days of receiving the goods listed in the relevant invoice.

36.     Defendant Hayden breached the terms of the invoices by not paying in full the required amounts.  As a result, Plaintiffs have been damaged in an amount to be determined at trial, but in no event less than $1,974,835.29, plus costs, attorney's fees, and pre- judgment interest, to the extent available under applicable law.

### THIRD CAUSE OF ACTION
**Unjust Enrichment**

37.     Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

38.     Defendant Hayden has taken and continues to hold, use and benefit from Plaintiffs' goods and services without paying for such property and benefits.

39.     Defendant Hayden has been unjustly enriched at Plaintiffs' expense by such retention.

40.     Equity and good conscience require that Defendant compensate Plaintiffs for these goods and services.

41.     As a result, Plaintiffs have been damaged in an amount to be determined at trial, but in no event less than $1,974,835.29, plus costs, attorney's fees, and pre- judgment interest, to the extent available under applicable law.

**WHEREFORE**, Plaintiffs Cosmax USA and Nu-World Corporation demands that judgment be entered in its favor against Defendant Hayden in the amount of $1,974,835.29, together with costs, attorney's fees, and pre- judgment interest, and such other and further relief as the Court may deem just and proper.

DATED:  October 17, 2022  HOGUET NEWMAN
    New York, New York  REGAL & KENNEY, LLP

    /s/ Damian Cavaleri_____
    Damian R. Cavaleri
    dcavaleri@hnrklaw.com
    Lorrette Fisher
    lfisher@hnrklaw.com
    60 East 42nd Street, 48th Floor
    New York, NY 10016
    Phone: 212-689-8808

    *Attorneys for Plaintiffs*
    *Cosmax USA Corporation and*
    *Nu-World Corporation*